IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD BRAVIERI, B76536, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-891-DWD |
| | ) |
| RACHEL DODD, | ) |
| DR. BUTLER. | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This action is before the Court on a Motion for Summary Judgment (Doc. 27) filed by Defendant Dr. Butler. Plaintiff Richard Bravieri, an inmate of the Illinois Department of Corrections (IDOC) filed this civil rights action concerning treatment he received from Dr. Butler at Crawford Memorial Hospital during his ongoing incarceration. Upon initial review of the Complaint, the Court allowed Plaintiff to proceed on a single deliberate indifference claim against Defendant Butler, but it noted that it was unclear if Butler actual counted as a "state actor" for purposes of 42 U.S.C. § 1983 liability. Butler's Motion for Summary Judgment now contends that he does not qualify as a state actor. (Doc. 27). Though Plaintiff did not file a freestanding response, he responded to the merits of Butler's contentions in his proposed Second Amended Complaint[1]. For reasons

---

[1] The Clerk of Court is **DIRECTED** to docket the Proposed Second Amended Complaint, because in the substance of this pleading, Plaintiff responded to Dr. Butler's Motion for Summary Judgment. The Court will also discuss the potential sufficiency of claims presented in this proposed pleading.

explained in this Order, the Court finds that summary judgment is warranted in Dr. Butler's favor, but it will allow Plaintiff a final chance to amend his complaint as to any other potential defendants that he has identified.

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

B. Findings of Fact

Dr. Butler submitted a statement of undisputed material facts and a signed affidavit in support of his motion for summary judgment. Plaintiff did not submit a separate statement of facts, and he does not directly dispute the majority of Butler's factual assertions. To the extent there was disagreement between Butler and Plaintiff's view of the facts, the Court will note the disagreement and it construed the facts in Plaintiff's favor.

Plaintiff attested in his complaint (and Dr. Butler does not dispute) that he saw Dr. Butler at Crawford Memorial Hospital on January 25, 2023, for hip problems. This was the only time that Plaintiff saw Dr. Butler. (Butler Aff., Doc. 27-1 at ¶ 7). The only interaction with Plaintiff that Dr. Butler had occurred at the hospital. (*Id.* at ¶ 8).

Plaintiff stated in his complaint that on this occasion Dr. Butler refused to give him a steroid shot in his hip. (Doc. 1 at 11). Plaintiff alleges that Dr. Butler asked him how long he had left on his prison sentence, and that when he learned it was only 40-months, he said Plaintiff should get a walker and wait until he was released to seek surgical repairs for his hip. (Doc. 1 at 11). Plaintiff further alleges in his Second Amended Complaint that Dr. Butler indicated the hip surgery was considered elective. (Second Amended Complaint at 2).

Dr. Butler is an orthopedic surgeon who works as an independent contractor with Synergy Health Partners. (Butler Aff., Doc. 27-1 at ¶ 1). In this capacity, he works as a contractor at Crawford Memorial Hospital. (*Id.* at ¶ 2). He does not have a contract with the IDOC or the State of Illinois, and he was not acting under orders from the State of Illinois or any other governmental entity when he saw Plaintiff. (*Id.* at ¶¶ 4, 9). Only "a small portion of [Dr. Butler's] patient population are inmates." (*Id.* at ¶ 6). He occasionally treats inmates due to the proximity between Robinson Correctional Center and Crawford Memorial Hospital. (*Id.* at ¶ 7). Dr. Butler avers he treated Plaintiff the same as he would have treated any other patient. (*Id.* at ¶ 10).

Plaintiff contends in his Second Amended Complaint that there are 100 inmates in his unit at Robinson, and that in the last 45 days alone, four other inmates have been sent to Crawford Memorial Hospital for treatment. (Second Amended Complaint at 5). He contends that there are a great deal of inmates sent to Crawford Memorial regularly. (*Id.*).

C. Analysis

The Court finds that it can resolve Dr. Butler's Motion for Summary Judgment (Doc. 27) on the pleadings because there is no genuine dispute about the material facts, and as a matter of law Dr. Butler has established that he was not a person acting under the color of state law when he saw Plaintiff in January of 2023 at Crawford Memorial Hospital.

As the Court previously explained in the Order of Initial Review, § 1983 liability is only proper against those who are "state actors," and not all private doctors that provide care to inmates are considered "state actors." *See e.g.*, *Manzanales v. Krishna*, 113 F.Supp.3d 972, 980-81 (N.D. Ill. June 30, 2015) (finding that the factual allegations in the complaint were not sufficient to determine if the private doctors were state actors for purposes of § 1983 at the motion to dismiss stage). To state a claim for relief under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law – a so-called "state actor." *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014). "State actors" can be very generally defined as government employees or those acting on the government's behalf. *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 923–24 (1982).

Whether a non-government employee can be deemed a state actor is a very fact specific and fluid inquiry, that focuses on the relationship between the state, the medical provider, and the prisoner. *See West v. Atkins*, 487 U.S. 42 (1988); *Shields*, 746 F.3d at 797. In the medical provider context, courts consider factors such as whether the provider has

a contract with the state, where the services are performed, the degree of autonomy the provider enjoys in administering the services, and how the provider is paid. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) (*citing West*, 487 U.S. at 55-56). Additionally, "private organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons." *Rodriguez*, 577 F.3d at 827; *accord Shields*, 746 F.3d at 797-98.

Here, Dr. Butler avers that he does not have a contract with the State of Illinois, and that he was not acting at the State's direction when he treated Plaintiff. He further avers that although he sometimes treats inmates due to the prison's proximity to the hospital, inmates do not make up a large part of his patient load. These averments support a finding that Dr. Butler was not a "state actor" when he saw Plaintiff at the hospital.

At most, Plaintiff counters that there are many inmates at the prison, and he knows of three others who have recently been sent to Crawford Memorial Hospital. (Proposed Second Amended Complaint at 5). "Standing alone, merely having treated inmates at other times does not establish the kind of close relationship between the doctor and the state required to find that the doctors are state actors. *Rackemann v. Robinson,* 2019 WL 4737194 at * 3 (S.D. Ind. Sept. 27, 2019). Even treating Plaintiff's factual assertions as true, and construing them broadly in his favor, he has not established that Dr. Butler spends a large portion of his time treating inmates, or that Dr. Butler has some kind of specially

defined relationship with the State that guides his treatment decisions. At most, Plaintiff establishes that other inmates often go to the hospital, but not that they are seen personally by Dr. Butler, or that there is any kind of contract (part-time or otherwise) between the state and Dr. Butler or the hospital.

Plaintiff also argues that his case is analogous to *West v. Atkins*, 487 U.S. 42 (1988), a case wherein the Supreme Court found that a doctor who was retained by contract to treat inmates was a state actor. However, *West*, is not persuasive because Dr. Butler was *not* in a contract with the state. On the available evidence, the Court finds that Dr. Butler was not working as a "state actor" when he saw Plaintiff, and thus he cannot be subject to a § 1983 claim related to the brief interaction he had with Plaintiff.

Based on the foregoing analysis, the Court will grant Dr. Butler's Motion for Summary Judgment (Doc. 27), and it will enter judgment in his favor at the close of the case.

D. Plaintiff's Proposed Second Amended Complaint

While the finding on summary judgment is the end of the inquiry as to Dr. Butler, the Court also considered the potential merit of Plaintiff's Second Amended Complaint, because it seemed likely that even if he did not have a claim against Dr. Butler, he may have some other claim against prison medical personnel related to his hip condition. The Warden of his prison—Rachel Dodd (who was served in this case for the sole purpose of implementing injunctive relief)—opposed the Motion to Amend because it does not comply with the Local Rules, which require things such as underlining new material. (Doc. 34). While Dodd is correct about the formatting, and about the inappropriateness

of 'piecemeal' amendments, the Court does not find that these are reasons to completely reject Plaintiff's proposed pleading.

The Court reviewed the substance of the Proposed Second Amended Complaint under 28 U.S.C. § 1915A, for sufficiency of any proposed claims. In the Second Amended Complaint, Plaintiff alleges that Defendant Joshua Lane is the head of medical furloughs and writs at Robinson. He further alleges that Lane somehow lied or falsified information involved in his visit to Dr. Butler. He seems to suggest that as a result of Lane's conduct, his access to care for his hip was delayed and he was forced to suffer in pain. However, when another doctor took over his care that doctor immediately sent him out for hip replacement surgery. This series of events focuses on things that took place at the prison with state actors, so unlike the allegations against Dr. Butler, there may be a valid basis for a § 1983 claim related to Plaintiff's hip. Despite this possibility, Plaintiff's proposed Second Amended Complaint is hard to follow because it is still heavily focused on allegations against Dr. Butler. To improve clarity, the Court will afford Plaintiff a final opportunity to file a Third Amended Complaint to present any claims he has about his hip issues concerning individuals at the prison. Plaintiff may not include claims against Dr. Butler, because the Court has determined that Dr. Butler is not a state actor.

Plaintiff shall have 30 days to file an amended pleading, which will be subject to review under 28 U.S.C. § 1915A. If Plaintiff fails to file a Third Amended Complaint, this action will be dismissed for failure to state a claim and failure to prosecute.

**Disposition**

**IT IS HEREBY ORDERED THAT** the Motion for Summary Judgment filed by Dr. Butler (Doc. 27) is **GRANTED**. The claims against Dr. Butler are dismissed with prejudice. The Clerk of Court is **DIRECTED** to **terminate** Dr. Butler, and to enter judgment in his favor at the close of the case.

Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 29) is **GRANTED**, and the Clerk of Court is **DIRECTED** to docket his proposed amended complaint consistent with footnote 1. However, the Court finds that Plaintiff has failed to plead a sufficient claim in this complaint, so he is granted leave to file a Third Amended Complaint, within 30 days. Failure to file a Third Amended Complaint will result in the dismissal of this lawsuit.

**IT IS SO ORDERED.**

Dated: December 20, 2023                    /s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge